**Jimmie Harold BUTLER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 10171.**

United States Court of Appeals
Tenth Circuit.

April 4, 1969.

Hardy Summers, of Fite, Robinson & Summers, Muskogee, Okl., for appellant.

William J. Settle, Asst. U. S. Atty. (Bruce Green, U. S. Atty., with him on the brief), for appellee.

Before MURRAH, Chief Judge, SETH, Circuit Judge, and CHRISTENSEN, District Judge.

PER CURIAM.

Appellant was convicted of breaking into a United States Post Office with the intent to commit larceny in violation of 18 U.S.C. § 2112, and was sentenced to three years' imprisonment. Appellant's accomplices were also charged for the same offense, but the appellant upon his motion for severance was tried separately.

The appellant's defense was one of alibi, and six witnesses testified to seeing the appellant the night of the crime at another location and to the fact that he accompanied them to a strawberry festival the day following.

At the trial the other two men charged for the same offense appeared as witnesses for the Government, and testified that the appellant participated in breaking into the post office.

The appellant urges three grounds for reversal: (1) The court erred in refusing to allow appellant's counsel to inquire as to former convictions of misdemeanors involving moral turpitude of a Government witness. (2) The court's instruction regarding the manner in which accomplices' testimony must be received by the jury was inadequate. (3) The evidence produced at trial by the Government was insufficient to sustain the appellant's conviction.

Under Rule 26 of the Rules of Criminal Procedure the cross-examination of witnesses to test their credibility and to determine their qualifications, in the absence of federal statutory law or procedural rules, is governed by the principles of the common law as they may be interpreted by the federal courts. See also Wolfle v. United States, 291 U.S. 7, 54 S.Ct. 279, 78 L.Ed. 617; Bostic v. United States, 68 App.D.C. 167, 94 F.2d 636 (D.C.Cir); Coulston v. United States, 51 F.2d 178 (10th Cir.). As was said in Coulston:

"* * * [Q]uestions asked on cross-examination for the purposes of impeachment should be confined to acts or conduct which reflect upon his integrity or truthfulness, or so 'pertain to his personal turpitude, such as to indicate such moral depravity or degeneracy on his part as would likely render him insensible to the obligations of an oath to speak the truth' * * *. In criminal cases a witness may be asked, for purposes of impeachment, whether he has been convicted of a felony, infamous crime, petit larceny, or a crime involving moral turpitude, and on rebuttal the record of such conviction is admissible."

The trial court has some discretion in permitting questions on these subjects. See Williams v. United States, 3 F.2d 129, 41 A.L.R. 328. See also generally United States v. Palumbo, 401 F.2d 270 (2d Cir.), and Tafoya v. United States, 386 F.2d 537 (10th Cir.).

During the course of the cross-examination, appellant's counsel asked the Government's witness, who was an accomplice, whether he had pled guilty or been convicted of any crimes other than that for which the appellant was then being tried. The Government objected on the ground that the question was not specific and that such a question should relate only to felony convictions. The court thereupon instructed appellant's counsel to limit his questioning to convictions of felonies and not to inquire into misdemeanor convictions involving

moral turpitude. On cross-examination, appellant's counsel was able to elicit from the witness that he had pled guilty to being an accomplice in the crime for which the appellant was then on trial, and also that the witness had been convicted previously of a car theft in 1964 and again in 1961. The witness also indicated that there may have been other convictions he did not remember. Although the trial court could well have allowed appellant's counsel to inquire into misdemeanor convictions involving moral turpitude within the cases above cited as extrinsic evidence, it was not reversible error for its refusal to do so. It is apparent that the witness's credibility was impeached inasmuch as he admitted to having committed at least three felonies. As to the trial court's discretion to refuse to permit further inquiry and the development of such extrinsic evidence, see Foster v. United States, 282 F.2d 222 (10th Cir.); Travis v. United States, 269 F.2d 928 (10th Cir.); United States v. Owens, 263 F.2d 720 (2d Cir.), and Beaty v. United States, 203 F.2d 652 (4th Cir.).

Appellant also urges that the trial court's instruction was inadequate as to the manner in which the jury should evaluate the testimony of the accomplices. The trial court instructed the jury on this point as follows:

"The mere fact that a witness is an accomplice does not mean that he is an incompetent witness or that he can't tell the truth, but it does mean that his testimony is to be weighed with great care and received with caution."

The court refused to give appellant's tendered instruction:

"You are instructed that the prosecution has used the testimony of two accomplices and that this testimony has not been corroborated by any other evidence. You are cautioned that testimony of accomplices must be carefully scrutinized, weighed with great care, and that too much reliance should not be placed upon it unless corroborated."

In federal courts the testimony of an accomplice need not be corroborated, but the court must instruct the jury as to the manner in which such testimony should be considered. An appropriate instruction is one as was given in the case at bar. See Todd v. United States, 345 F.2d 299 (10th Cir.); Johns v. United States, 227 F.2d 374 (10th Cir.); Cross v. United States, 392 F.2d 360 (8th Cir.); United States v. Kelly, 349 F.2d 720 at 767 (2d Cir.), and cases therein cited; Bishop v. United States, 100 U.S.App. D.C. 88, 243 F.2d 32 (D.C.Cir.). Thus the court's instruction was adequate, and we find no error as to it.

The testimony of the appellant's accomplices was thus properly introduced and the jury was correctly instructed. This testimony, if believed by the jury, was sufficient for conviction, and the record demonstrates that the jury did believe it.

Affirmed.