**UNITED STATES of America,**
**Appellee,**

v.

**Robert Charles KOCHEL, Appellant.**

**No. 13099.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 9, 1969.

Decided Oct. 14, 1969.

---

John J. O'Meara, Baltimore, Md., court-appointed counsel, for appellant.

J. Frederick Motz, Asst. U. S. Atty. (Stephen H. Sachs, U. S. Atty., and Theodore R. McKeldin, Jr., Asst. U. S. Atty., on brief), for appellee.

Before BOREMAN, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Robert Charles Kochel, appellant, was charged in a three-count indictment with violating Title 18 U.S.C. § 2113(a), (b), (d), and (f), armed bank robbery, and § 2, aiding and abetting. He was tried before the court without a jury, was convicted on all three counts and sentenced to a term of imprisonment.

On appeal Kochel charges violations of his constitutional rights: (1) with respect to the introduction into evidence of an oral statement of Kochel in which he admitted his participation in the robbery of the bank and (2) with respect to the leading examination by the prosecutor of a hostile witness, Martin, an alleged accomplice, contrary to the teachings of Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). The trial court found that the oral incriminating statement was "freely, voluntarily and knowingly and intelligently given without any threats, promises, inducements, or improper influence of any kind," and not as the result of or in response to alleged impermissible interrogation in violation of appellant's constitutional rights. It is clear that the court was fully cognizant of the decision in Douglas v. Alabama, *supra,* and that the prosecutor was not permitted to interrogate the alleged accomplice in such manner as to implicate Kochel, directly or inferentially, by either the questions or answers.

Kochel was positively identified by four employees of the bank as one of the two men who perpetrated the robbery. This evidence alone was sufficient to sustain the finding of guilt beyond all reasonable doubt.

Upon consideration of the briefs, the record and oral arguments and perceiving no reversible error, the judgment below will be

Affirmed.