**UNITED STATES of America,**
**Appellee,**

v.

**Loyd Allen REID, Appellant.**

No. 211–70.

United States Court of Appeals,
Tenth Circuit.

Jan. 4, 1971.

David L. Miller, Oklahoma City, Okl., for appellant.

Jeff R. Laird, First Asst. U. S. Atty. (William R. Burkett, U. S. Atty., Oklahoma City, Okl., with him on the brief), for appellee.

PER CURIAM.

This is a direct appeal from conviction for violation of 18 U.S.C. §§ 2 and 2113(a), aiding and abetting an attempted entry into a federally insured bank. A verdict of guilty was returned by a jury in the United States District Court for the Western District of Oklahoma.

In the early hours of March 29, 1969, there was an attempted break-in of the Carney State Bank, Carney, Oklahoma. Shortly thereafter two men were arrested fleeing from the vicinity. These two, Charles Parrot and Alfred Card, were convicted of attempted bank burglary in June 1969. The trial of appellant Reid followed in November 1969. Reid had not been arrested on the night of the attempted burglary; apparently his role in the burglary was revealed by one or both of the principals convicted in June.

At the trial of this case the evidence against appellant came almost exclusively from the testimony of the accomplice, Alfred Card. There was some independent corroboration of that testimony but it was not corroborated in all respects. Appellant urges that the uncorroborated testimony of an accomplice is not sufficient to sustain a conviction. In Butler v. United States, 408 F.2d 1103 (10th Cir. 1969), we considered this very question. We there noted (at 1105) that:

"In federal courts the testimony of an accomplice need not be corroborated, but the court must instruct the jury as to the manner in which such testimony should be considered."

In Butler, the trial court had given, and on appeal we approved, the following instruction (408 F.2d 1103, 1105):

"The mere fact that a witness is an accomplice does not mean that he is an incompetent witness or that he can't tell the truth, but it does mean that his testimony is to be weighed with great care and received with caution."

In the instant case, the trial court gave a similar instruction on accomplice testimony:

"An accomplice is one who unites with another person or persons in the commission of a crime, voluntarily and with common intent. An accomplice does not become incompetent as a witness because of participation in the crime charged.

"On the contrary, the testimony of an accomplice alone, if believed by a jury, may be of sufficient weight to sustain a verdict of guilty, even though not corroborated or supported by other evidence. However, the jury should keep in mind that such testimony is always to be received with caution and weighed with great care.

"You should never convict a defendant upon the unsupported testimony of an accomplice, unless you believe the unsupported testimony beyond a reasonable doubt."

We hold that instruction to be a fair and accurate statement of the weight to be accorded the testimony of an accomplice; it clearly apprises the jury of all

the limitations of such testimony. There was no error.

Appellant raises additional objections to various minor defects in the trial. None of these alleged errors, singly or in combination, deprived appellant of a fair trial.

We affirm.