UNITED STATES of America,
Plaintiff-Appellee,

v.

Randolph CARPENTER,
Defendant-Appellant.

No. 75–1550.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted May 20, 1976.

Decided June 4, 1976.

H. Don Sharp, Ogden, Utah, for defendant-appellant.

Brent Ward, Asst. U. S. Atty., Salt Lake City, Utah, for plaintiff-appellee.

Before LEWIS, Chief Judge, and SETH and HOLLOWAY, Circuit Judges.

PER CURIAM.

Randolph Carpenter appeals the judgment and order of the district court for the District of Utah confirming a jury verdict finding him guilty of aiding and abetting in the forgery of two government checks. Carpenter raises but one issue on appeal, that a person should not be convicted on the uncorroborated testimony of accomplices when that testimony is allegedly tainted.

The only testimony the Government presented which linked Carpenter to the forgeries was that of Sharlene Goode and Terry Lynn Maxon. Goode and Maxon testified that they were given government checks by Carpenter, that he produced false identification for them and that he received the proceeds from the checks after they had forged and cashed them. Goode and Maxon had both been convicted of forgery previously and were still on probation for that offense. The Government promised Goode and Maxon that they would not be prosecuted if they testified against Carpenter.

This court has previously held that the testimony of an accomplice need not be corroborated, but the court must instruct the jury as to the manner in which such testimony should be considered. An appropriate instruction is one as was given in the case at bar.[1]

*Butler v. United States*, 10 Cir., 408 F.2d 1103, 1105.

We hold the district court did not err in confirming the verdict; the instruc-

---

1. The instruction given in the *Butler* case was as follows:

The mere fact that a witness is an accomplice does not mean that he is an incompe-

tions[2] to the jury regarding the trustworthiness of accomplice testimony were comparable to those given in the *Butler* case. We note that *Butler* does not restrict the inherent right of a trial judge to prevent manifest injustice if he deems accomplice testimony to not rise to acceptable standards of reliability or sufficiency.

Affirmed.

tent witness or that he can't tell the truth, but it does mean that his testimony is to be weighed with great care and received with caution.

408 F.2d at 1105.

2. The district court's instructions on accomplice testimony were as follows:

By their admissions on the witness stand, Terry Lynn Maxon and Sharlene Goode are alleged accomplices necessary in the crimes for which the indictment charges defendant Ralph—excuse me—Randolph Carpenter. An accomplice is one who unites with another person in the commission of a crime voluntarily and with common intent. An accomplice does not become incompetent as a witness because of participation in the crime charged. On the contrary, the testimony of an accomplice alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilty, even though not corroborated or supported by other evidence.

However, the jury should keep in mind that such testimony is always to be received with caution and weighed with the greatest care.

The mere fact that a witness is an accomplice does not mean that he is an incompetent witness or that he can't tell the truth; but it does mean, as I've said, that his testimony is to be weighed with care and received with great caution.

You should never convict a defendant upon the unsupported testimony of an accomplice unless you believe the unsupported testimony beyond a reasonable doubt.