**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Sam Thomas WALDRON,**
**Defendant-Appellant.**

**No. 77–1092 (76–43–CR).**

United States Court of Appeals,
Tenth Circuit.

Submitted June 8, 1977.

Decided Dec. 29, 1977.

Certiorari Denied Feb. 21, 1978.
See 98 S.Ct. 1276.

186

Daniel J. Sears, Federal Public Defender, Denver, Colo., for defendant-appellant.

Richard A. Pyle, U.S. Atty., and John R. Osgood, Asst. U.S. Atty., Muskogee, Okl., for plaintiff-appellee.

Before LEWIS, HILL and DOYLE, Circuit Judges.

PER CURIAM.

Appellant was convicted in the district court for the Eastern District of Oklahoma of robbing a federally-insured bank and putting life in jeopardy in violation of 18 U.S.C. §§ 2113(a) and (d). At trial, appellant presented no evidence on his own behalf but merely moved for a judgment of acquittal at the close of the government's case. The motion was denied and the case submitted to the jury. Waldron now appeals from the judgment entered on the jury verdict of guilty and from the 25-year sentence imposed.

In his first allegation of error appellant challenges the sufficiency of the evidence against him. In accordance with established precedent we view the evidence in a light most favorable to the government and then decide if there was sufficient proof, direct and circumstantial, to justify a jury finding appellant guilty beyond a reasonable doubt. *United States v. Harris*, 10 Cir., 534 F.2d 207, 213, *cert. denied*, 429 U.S. 941, 97 S.Ct. 359, 50 L.Ed.2d 311; *United States v. Crim*, 10 Cir., 527 F.2d 289, 293, *cert. denied*, 425 U.S. 905, 96 S.Ct. 1497, 47 L.Ed.2d 755. The direct evidence in this case consisted of three eyewitness identifications of appellant as having been one of the two robbers in the bank. Circumstantial evidence further associated appellant with the robbery by showing his prior possession of guns found in or near the getaway car and an earlier suggestion by him to a friend that they rob this particular bank. Appellant challenges the weight of the direct evidence by pointing out that the robber was wearing a wig and sunglasses and therefore the identifications were based on

a limited facial view. Appellant also points to statements by the eyewitnesses which might tend to undermine the strength of their testimony.

██ It is not our task to weigh the evidence or assess the credibility of the witnesses. *United States v. Pennett*, 10 Cir., 496 F.2d 293. We believe the direct and circumstantial evidence in this case, viewed in a light most favorable to the government, is sufficient to support the verdict. *See United States v. Moore*, 10 Cir., 487 F.2d 414; *United States v. Kochel*, 4 Cir., 416 F.2d 370 (per curiam).

██ As a second ground for reversal it is argued that it was improper for the district court to allow the introduction of evidence of past crimes committed by appellant. The specific testimony in question was given by an accomplice in a house burglary which occurred about a year before the bank robbery at issue here. The accomplice stated that he and appellant had stolen a number of guns from the house and that appellant had retained possession of them. Some of these guns were found in or near the getaway car used in the bank robbery. Neither appellant nor the accomplice was ever charged for the offense.

The evidence regarding the prior crime was admitted under Fed.R.Evid. 404(b).[1] The rule is specifically exclusionary in one aspect only. It unequivocally and very broadly sets out recognition of the admissibility of prior crimes for other purposes including that of the establishment of identity. The issue of identity was critical here and evidence of possession of the weapons used in the robbery was highly probative of that issue. The fact that such possession was linked to a prior crime does not trigger the exclusionary aspect of the Rule because the evidence was not admitted to establish bad character as such. Nor does the fact that possession of such weapons was estab-

lished as the fruit of criminal activity occurring a year before the subject crime make such evidence so remote in time as to substantially reduce its probative value. We conclude that the evidence was both material and relevant.

██ Appellant next argues that it was plain error for the district court to omit an "interested witness instruction" in regard to the testimony of the accomplice in the weapons theft. The instruction would have informed the jury to scrutinize the accomplice's testimony carefully because he had allegedly been promised immunity from prosecution for his testimony.[2] Appellant cites a number of our cases holding that it is plain error to omit such an instruction in these circumstances. *United States v. Owens*, 10 Cir., 460 F.2d 268; *United States v. Birmingham*, 10 Cir., 447 F.2d 1313, 1317; *United States v. Holland*, No. 75–1556 (unpub. opin. 4/8/76). In each of these cases the testimony of the accomplice(s) was the primary or only evidence against the defendant. As we have already detailed above, there was a significant amount of other direct and circumstantial evidence implicating appellant in this case. Under these circumstances it was not plain error to omit an accomplice or "interested witness" instruction. *See United States v. Mackay*, 10 Cir., 491 F.2d 616, 621, *cert. denied*, 416 U.S. 972, 94 S.Ct. 1996, 40 L.Ed.2d 560; *United States v. Williams*, 10 Cir., 463 F.2d 393, 395–96.

██ Finally, appellant argues that his 25-year sentence is excessive. The sentence is within the maximum authorized by 18 U.S.C. § 2113(d) and we have repeatedly held that a sentence within the limits set by law will not be disturbed on appeal. *See e.g., United States v. Mackay, supra*, at 624; *United States v. Floyd*, 10 Cir., 477 F.2d 217, 224, *cert. denied*, 414 U.S. 1044, 94 S.Ct. 550, 38 L.Ed.2d 336.

Affirmed.

---

1. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowl-

edge, identity, or absence of mistake or accident."

2. The government emphatically denies this allegation.