941 F.2d 1213
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clarence E. FERGUSON, Petitioner-Appellant,
v.
Steven J. DAVIES, the Attorney General of the State of
Kansas, Respondents-Appellees.
 No. 91-3052.
 United States Court of Appeals, Tenth Circuit.
 Aug. 19, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Ferguson, a state prisoner, filed his pro se application for habeas relief under 28 U.S.C. § 2254. He challenged his state convictions of two counts of aggravated kidnapping and aggravated rape, sodomy, and three counts of aggravated robbery. The district court denied relief and Mr. Ferguson appeals pro se.
 
 
 3
 Mr. Ferguson filed a direct appeal and the Kansas Supreme Court affirmed the convictions. State v. Ferguson, Washington, & Tucker, 618 P.2d 1186 (Kan.1980). Thereafter, Mr. Ferguson unsuccessfully pursued state post-conviction relief.
 
 
 4
 Mr. Ferguson and his two co-defendants engaged in a single, sordid escapade, the facts of which may be found in the Kansas Supreme Court opinion.
 
 
 5
 In his pro se habeas corpus action, Mr. Ferguson alleged: (1) he should have had a separate trial from his co-defendants; (2) the testimony of the prosecutor should have been allowed as it would have been exculpatory; (3) the trial court erred in failing to give an accomplice instruction; (4) the trial court should not have permitted the state to endorse late witnesses; (5) the trial court should have granted a mistrial because of the late witnesses; (6) the two counts of aggravated kidnapping should be reversed as a matter of law as there was insufficient evidence; (7) there was insufficient evidence to sustain the rape convictions; (8) the sodomy charge was unconstitutional; and (9) ineffective assistance of trial counsel and of his separate appellate counsel.
 
 
 6
 The district court analyzed these contentions in its eleven-page order and denied relief.
 
 
 7
 Mr. Ferguson appeals pro se raising essentially the same arguments. Mr. Ferguson is allowed to proceed in forma pauperis. While close, we grant a certificate of probable cause. We are not persuaded any constitutional error exists.
 
 
 8
 We AFFIRM the judgment of the district court for substantially the same reasons contained in the district court's Order of January 11, 1991, a copy of which is attached.
 
 ATTACHMENT
 
 9
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
 
 
 10
 Clarence E. Ferguson, Petitioner,
 
 
 11
 v.
 
 
 12
 Steven Davies, et al., Respondents.
 
 Case No. 88-3432-S
 Jan. 11, 1991
 ORDER
 
 13
 This matter is before the court on petitioner's application for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for aggravated kidnapping, aggravated rape, sodomy and aggravated robbery. Respondents filed two answers in this case. In their first response, they raised only the claim that petitioner had failed to exhaust state remedies. Petitioner filed a traverse. The court determined that petitioner had sufficiently exhausted his state remedies, and allowed respondents ten days to file a second answer to address the merits of petitioner's allegations. Respondents filed their answer and the court granted petitioner ten days to file a second traverse. Petitioner has not filed a second traverse.
 
 
 14
 Before considering the merit of petitioner's claims, the court notes that federal habeas review of alleged errors in a state criminal proceeding is limited to review for violations of federal constitutional or statutory law. Claims based on violation of state law are not cognizable under § 2254. Davis v. Reynolds, 890 F.2d 1105, 1109, n. 3 (10th Cir.1989). Legal error alone is not enough to warrant federal habeas relief. Absent a claimed impropriety denying a specific constitutional right, a habeas claim based on state procedural violations must be established by proof the trial was rendered fundamentally unfair by the alleged error. Mahorney v. Wallman, 917 F.2d 469 (10th Cir.1990); Tucker v. Makowski, 883 F.2d 877, 881 (10th Cir.1989). Even if constitutional error is demonstrated, the error must not be harmless. Mahorney, 917 F.2d at 474. The court has reviewed the complete record in making the following findings and order.
 
 Abuse of writ
 
 15
 The State claims this is a successive petition which should be dismissed pursuant to 28 U.S.C. § 2254, Rules Governing Section 2254 Proceedings, Rule 9(b). Under this rule, a successive petition may be dismissed if no new or additional grounds are raised and there was a prior determination of the grounds on the merits. Or, if new and different grounds are alleged, petitioner's failure to assert such grounds in the earlier petition is construed as an abuse of the writ. See Coleman v. Saffle, 869 F.2d 1377, 1380-81 (10th Cir.1989) cert. denied --- U.S. ----, 110 S.Ct. 1835 (1990) (abuse of writ rules addressed).
 
 
 16
 The State points to petitioner's earlier federal habeas petition (87-3280) which the court dismissed without prejudice for failure to exhaust state remedies. Petitioner thereafter attempted to file an appeal from the denial of his state motion for post-conviction relief under K.S.A. 60-1507. The appeal was dismissed for lack of jurisdiction because it was untimely filed. Petitioner then filed his present habeas petition, raising the same grounds as in the earlier petition.
 
 
 17
 The present petition does not fit squarely within the scope of Rule 9. Petitioner's first petition was not determined on the merits. The present petition also does not raise a new or additional ground, so there is no need for the petitioner to justify why such a claim was not raised in the earlier petition. The State's attempt to have petitioner justify why he failed to properly pursue his state appeal from the denial of the 1507 motion confuses the two separate situations anticipated under the rule. See Coleman, 869 F.2d at 1380 (distinction made between successive petitions and petitions in which new or additional grounds raised). The court does not find dismissal is warranted under Rule 9.
 
 
 18
 The State also claims petitioner's dismissed state appeal is without legal effect, and therefore, the current petition must be dismissed for failure to exhaust state remedies. The State essentially seeks to treat the dismissal without prejudice of petitioner's earlier habeas petition as establishing his failure to exhaust state remedies as the law of the case. The court declines to adopt this position, and treats the State's argument as an attempt to have the court reconsider its order dated November 26, 1990, in which the court found petitioner had substantially exhausted state remedies on all claims raised in this petition. The court reaffirms its finding that petitioner sufficiently exhausted state remedies.
 
 Severance of cases
 
 19
 Petitioner sought to separate his trial from that of his co-defendants. Petitioner's motion for severance was based on his desire to introduce a co-defendant's statement which was exculpatory to petitioner and on his claim of antagonistic defenses among the co-defendants. The state court denied the pre-trial motion, finding for the purposes of severance that the statement was hearsay evidence which could not be admitted even in a separate trial, and that the alibi defenses were not antagonistic or in conflict. Petitioner renewed his motion several times, including when another co-defendant pleaded guilty and testified for the state. The trial court denied all requests for a separate trial.
 
 
 20
 Kansas law makes joinder or severance of defendants a matter within the discretion of the trial court. K.S.A. 22-3204; see United States v. Bridwell, 583 F.2d 1135 (10th Cir.1978). The Kansas Supreme Court found no abuse of discretion in the trial court's refusal to sever. Absent a federal question affecting the validity of the conviction, a petitioner's claim of state court error in ruling on a motion for severance is not a cognizable claim under § 2254. See Bond v. Oklahoma, 546 F.2d 1369, 1377 (10th Cir.1976). The court finds the trial court acted within its broad discretion in denying petitioner's motion to sever, and that no error of constitutional dimension resulted.
 
 
 21
 The court finds the record does not support a finding of constitutional error. And, given the wealth of testimony introduced against petitioner by the victims, petitioner was not denied a constitutionally fair trial.
 
 Admission of evidence
 
 22
 This claim is based on petitioner's attempt to introduce his co-defendant's statement, discussed above, which was made to Vern Miller. The admissibility of evidence in a state criminal trial is a matter of state law and alleged errors are properly presented to a state court on appeal rather than to a federal habeas court. See Nichols v. Sullivan, 867 F.2d 1250, 1253 (10th Cir.) cert. denied sub nom. Nichols v. Tansy, --- U.S. ----, 109 S.Ct. 3169 (1989). The trial court found the co-defendant's statements would be inadmissible hearsay evidence as long as the declarant continued to assert Fifth Amendment rights, and that no exception to the hearsay rule applied to indicate the statement was reliable. See Martinez v. Sullivan, 881 F.2d 921, 928 (10th Cir.1989), cert denied --- U.S. ----, 110 S.Ct. 740 (1990).
 
 
 23
 Absent fundamental unfairness constituting a denial of due process, errors in the admissibility of evidence are not grounds for habeas corpus relief. Martin v. Kaiser, 907 F.2d 931, 936 (10th Cir.1990). Here, the trial court's ruling that the evidence was inadmissible was not error under state law. Even if Miller's testimony could have been admitted, the court finds the trial court's ruling did not render the criminal proceeding fundamentally unfair such that petitioner's constitutional right to due process was violated. At best, the co-defendant's statement would have bolstered petitioner's alibi defense, but the evidence establishing petitioner's presence at the scene of the crime was conclusive enough to convince a rational trier of fact beyond a reasonable doubt of petitioner's involvement in the criminal activity. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, reh. denied, 444 U.S. 890 (1979); Soap v. Carter, 632 F.2d 872 (10th Cir.1980), cert. denied, 451 U.S. 939 (1981).
 
 Accomplice instruction
 
 24
 Generally, matters concerning the giving of jury instructions are considered questions of state law and not proper subjects of federal habeas corpus review under 28 U.S.C. § 2254. Henderson v. Kibbe, 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977). A due process claim arises only if the jury instruction is so prejudicial as to constitute a denial of fundamental fairness and due process. Id. The question to be resolved is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process, and not merely whether the instruction is undesirable, erroneous, or even universally condemned." Id., at 154 (Citation omitted). Additionally, if the correctness of an instruction is challenged only under state law, then the claim is not cognizable under 28 U.S.C. § 2254. Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783, reh. denied 456 U.S. 1001 (1982). See Fleener v. Duckworth, 559 F.Supp. 1322 (N.D.Ind.1983).
 
 
 25
 Here, petitioner essentially argues that state law and fundamental fairness required an accomplice instruction to caution the jury against the unsupported testimony of an accomplice. The argument is not persuasive where, as in this case, the accomplice testimony was significantly supported by the victims' testimony. The court finds no constitutional error in the trial court's failure to give the requested cautionary instruction.
 
 Late endorsement of witnesses
 
 26
 In this case, the State moved to endorse witnesses late in the trial because a co-defendant decided to plead guilty and testify for the state. Two witnesses who could corroborate the co-defendant's testimony also were endorsed at the same time. The trial court, however, made sure that all defendants were provided with statements by the two corroborating witnesses and that they were allowed to interview the witnesses before the witnesses took the stand.
 
 
 27
 The late endorsement of a witness is allowed under state law and within the discretion of the trial court. K.S.A. 22-3201(6). The state trial and appellate court found no prejudice to petitioner in the late endorsement. Although petitioner's alibi defense was weakened by the testimony of these later endorsed witnesses, petitioner's alibi defense already had been refuted by the victims identifying petitioner as participating in the criminal activities. The court finds the late endorsement of witnesses was not an abuse of the trial court's discretion and did not violate petitioner's constitutional rights.
 
 Motion for mistrial
 
 28
 As a continuation of the previous issue, petitioner claims the trial court denied him a fair trial when the witnesses were endorsed so late in the proceeding.
 
 
 29
 Under state law, the declaration of a mistrial is within the trial court's discretion. K.S.A. 22-3423. Under the facts, the trial court's refusal to declare a mistrial was not an abuse of discretion and did not result in constitutional error. Having determined that the late endorsement of the witnesses did not render the trial fundamentally unfair, it necessarily follows that the proceeding was not rendered fundamentally unfair by the trial court's refusal to grant a mistrial.
 
 Kidnapping offense
 
 30
 Petitioner argues the "taking" element of kidnapping, K.S.A. 21-3420, was not satisfied by the victims being dragged out of the shop and into a back yard area. Petitioner's argument, however, is based on the state's interpretation of its law, and therefore, is not a cognizable claim in a federal habeas corpus action. See Davis v. Reynolds, 890 F.2d 1105, 1109, n. 3 (10th Cir.1989). Federal courts are bound by a state court's interpretation of its state statute unless it is inconsistent with fundamental principles of justice. Smith v. Atkins, 565 F.Supp. 721, 739-40 (D.Kan.1983). The Kansas Supreme Court found the elements of the offense satisfied under the facts of this case. See State v. Buggs, 219 Kan. 203, 547 P.2d 720, 730-31 (1976) ("taking" element of kidnapping discussed).
 
 
 31
 Petitioner also claims the jury instructions shifted the burden to him to disprove an intent to kidnap. This claim is not supported by the record. Instruction # 12, given to the jury, read:
 
 
 32
 "The intent with which an act is committed, being but the mental state of the person committing it, direct proof of such intent is not required, but it may be proved by any competent evidence, direct or circumstantial. Such intent, however, must be established by the weight of evidence required by these instructions."
 
 
 33
 Instruction # 11 directed the jury that they must find the petitioner guilty if they had no reasonable doubt as to the truth of any of the claims made by the State. The court finds instruction # 12 did not impermissibly instruct the jury that petitioner had to prove his lack of criminal intent.
 
 Sufficiency of evidence of rape
 
 34
 Petitioner broadly maintains there was not sufficient evidence to support a conviction of rape under counts 5 and 9. Each count sets forth a charge of rape against a separate victim. Petitioner challenges the sufficiency of the evidence proving an element of the offense, specifically, that there had been sexual intercourse with the victims.
 
 
 35
 In considering the sufficiency of the evidence supporting a state conviction, a federal habeas court must consider the record and decide whether no rational trier of fact could have found proof of guilt beyond a reasonable doubt. See Jackson, 443 U.S. 307. A judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is entitled to deference by a federal court. Id. The federal court must view the evidence in the light most favorable to the prosecution and presume the trier of fact resolved all factual conflicts in favor of the prosecution. d. See Cordoba v. Hanrahan, 910 F.2d 691 (10th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 585 (1990).
 
 
 36
 The court finds the testimony of the second rape victim, who also observed the first victim being raped, provided enough evidence that sexual intercourse occurred such that a rational trier of fact could find petitioner guilty of rape beyond a reasonable doubt.
 
 Charge in information
 
 37
 Petitioner contends the charge of aggravated sodomy in the information was defective but it is difficult to determine what particular defect is being alleged. Even so, the sufficiency of an indictment or information is not a matter for federal habeas relief unless the information is so deficient that the convicting court lacked jurisdiction. Heath v. Jones, 863 F.2d 815 (11th Cir.1989); Uresti v. Lynaugh, 821 F.2d 1099 (5th Cir.1987). Under the Sixth and Fourteenth Amendments, petitioner is entitled to fair notice of the criminal charges against him, and claims of due process violations in not providing such fair notice are cognizable in habeas corpus actions. See Hunter v. State of N.M., 916 F.2d 595, 598 (10th Cir.1990); Franklin v. White, 803 F.2d 416 (8th Cir.1986), cert. denied 481 U.S. 1020 (1987).
 
 
 38
 In this case, the court finds no constitutional error in the charge of aggravated sodomy in the information. The charge adequately established the state court's jurisdiction and sufficiently informed petitioner of the offense.
 
 Assistance of counsel
 
 39
 Petitioner claims he was denied his Fifth Amendment right to counsel. He contends his trial attorney was ineffective for not recognizing or pursuing the issues raised in this application. He also contends his attorney on direct appeal failed to adequately investigate and present all potential issues. Petitioner's claims are not persuasive. There is a strong presumption of professional competency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Given the overwhelming evidence of petitioner's guilt in this case, petitioner clearly is unable to show the prejudice required under Strickland, that but for his counsels' performance, there was a reasonable probability the result would have been different.
 
 
 40
 IT IS THEREFORE ORDERED that the petition is dismissed and all relief denied.
 
 
 41
 The clerk of the court is directed to transmit copies of this Memorandum and Order to petitioner and to the Office of the Attorney General for the State of Kansas.
 
 
 42
 /s/ DALE E. SAFFELS
 
 United States District Judge
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3