**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Carlton Raymond OWENS, Defendant-Appellant.**

**No. 71-1656.**

United States Court of Appeals, Tenth Circuit.

April 7, 1972.

Rehearing Denied June 7, 1972.

Givens L. Adams, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Burkett, U. S. Atty., Oklahoma City, Okl., on the brief), for plaintiff-appellee.

Burton L. Cawthorne, Denver, Colo., for defendant-appellant.

Before HILL, BARRETT and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

Carlton Raymond Owens was convicted for fraudulently causing to be transported in interstate commerce two falsely made and forged American Express Company money orders in violation of 18 U.S.C.A. §§ 2, 2314. Count I charged that Owens and one James Monroe York a/k/a Joyce Buckner cashed one such stolen money order at the B & W Redbud Food Center in Oklahoma City, Oklahoma. Count II charged that Owens and one Stephen Harrison Humphrey a/k/a Julia Newis cashed one such stolen money order at the Latham Redbud Store in the Oklahoma City area.

York and Humphrey pled guilty to like charges prior to Owens' trial. They were committed to the custody of the Attorney General for a period of 18 months. York and Humphrey testified for the Government at Owens' trial. On appeal, Owens claims error by reason of the failure of the trial judge to, sua sponte, give a cautionary instruction on accomplice testimony.

On November 29, 1970 twenty blank American Express money orders were stolen from Pak-A-Sak Foods in Oklahoma City, Oklahoma. The two money orders referred to in the indictments were identified by several witnesses as being among the twenty money orders stolen from the Pak-A-Sak store. One of the money orders had been endorsed by a Joyce Buckner; the other was endorsed by a Julia Newis.

York and Humphrey testified that they were acquaintances of Owens and that on November 29, 1970 they were visiting Owens and his wife; that Owens displayed some 20 or 30 blank money orders to them at that time; that the three of them then went to another house where Owens left the money orders to have specific dollar amounts printed on them; and that the money orders were picked up and on December 1, 1970, York, Humphrey, Owens, Owens' wife and another individual cashed several of the money orders in the Oklahoma City area. York and Humphrey said that they delivered most of the proceeds realized from the cashed money orders to Owens. York testified that he was a female impersonator, a homosexual, and that he had been convicted in a federal court of cashing a forged and altered security. He said he was then on parole. Humphrey testified that he was a female impersonator, a homosexual, and that his only felony conviction was for the crimes with which he, York and Owens were charged. Humphrey and York testified that they were dressed as females when they cashed the money orders. Employees of the stores where the stolen money orders were cashed identified Humphrey and York in court as the individuals who presented the money orders.

■ While one can be convicted on the uncorroborated testimony of accomplices, Johns v. United States, 227 F.2d 374 (10th Cir. 1955), we have held that the Court must instruct the jury as to the manner in which such testimony should be considered. Butler v. United States, 408 F.2d 1103 (10th Cir. 1969). To the same effect, we have held that "if the incriminating testimony of an informer is uncorroborated or unsubstantiated, special cautionary instructions are surely required." Todd v. United States, 345 F.2d 299, 300 (10th Cir. 1965).

Owens urges for the first time on appeal that the failure of the trial court to give a cautionary instruction on testimony of accomplices is plain error under Rule 52(b), Fed.R.Crim.P. He did not request a cautionary instruction on accomplice testimony and he did not object to the instructions given. In United States v. Birmingham, 447 F.2d 1313 (10th Cir. 1971), Judge Hill stated that in this Circuit a cautionary instruction is required. The Court said:

> "The rule is established in this Circuit, however, that the court must instruct the jury that testimony of accomplices must be carefully scrutinized, weighed with great care, and received with caution." 447 F.2d at 1317.

Here the testimony of the accomplices is the only evidence directly implicating Owens. The testimony of one Richard Neil Stewart that Owens was in possession of a money order similar to those charged here during an encounter some time during the month of December, 1970, was not admitted in evidence. While the testimony of the store employees did corroborate York and Humphrey significantly relating to their presentment and cashing of certain money orders and thus serve to promote their trustworthiness, nothing beyond the testimony of York and Humphrey served to tie Owens to the transactions. The Trial Court was not here confronted with a difficult fact determination as to whether York and Humphrey were accomplices. It was clear that they were. Under such circumstances the trial judge is obligated to properly apprise the jury of the potentially unreliable nature of the accomplices' testimony by means of a special cautionary instruction.

■ We hold that failure of the Court to give a specific cautionary instruction on the testimony of acknowledged accomplices York and Humphrey was plain and reversible error. This ruling shall not apply retroactively.

The judgment is reversed, and the case is remanded for new trial.