**UNITED STATES of America**

v.

**Robert BOMWELL et al.**

**Appeal of Michael DELANEY, in No. 72–1295.**

**Appeal of Joseph A. AUSTIN, in No. 72–1296.**

**Nos. 72–1295, 72–1296.**

United States Court of Appeals, Third Circuit.

Argued Sept. 14, 1972.

Decided Oct. 5, 1972.

D. F. Moore Craig, Bracken & Craig, Newark, N. J., for appellants.

James D. Fornari, Asst. U. S. Atty., Newark, N. J., for appellee.

Before McLAUGHLIN, ADAMS and GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Appellants Delaney and Austin with two codefendants, Robert and Connie Bomwell, were indicted for violations of Title 18, U. S. Code, Section 371 and Sections 1010 and 2. Specifically, all four defendants were charged with conspiring to submit various false and fraudulent statements and documents to the Federal Housing Administration to induce said Administration to insure mortgages on certain properties. The four defendants were also accused of giving the Department of Housing and Urban Development spurious gift, escrow and cash-on-hand letters to persuade the Housing Administration to insure a mortgage and credit advance issued by a lending institution on each of the six properties involved. The Bomwells were severed from

the trial and later granted immunity. Robert Bomwell was the main trial witness on behalf of the prosecution.

Appellants Delaney and Austin were found guilty by the jury on Counts 1, 2, 3, 5, 6 and 7. The defendants were given prison sentences of six months plus two and one-half years probation and fines of two thousand dollars ($2,000) each on Count 1. They were also given suspended two year sentences on Counts 2, 3, 5, 6 and 7.

The defendants' attorney argues most capably the two points presented by the defense in this appeal. The first of these claims that the trial court committed reversible error with respect to the testimony of Robert Bomwell, citing United States v. Owens, 460 F.2d 268 (10 Cir. 1972). It is not disputed that Judge Fisher's charge to the jury followed the charge in United States v. Addonizio, et al., 451 F.2d 49 (3 Cir. 1972) which later was upheld by the United States Supreme Court. It is the fact that the defense requested Judge Fisher to again caution the jury regarding Bomwell's testimony and that Judge Fisher did so. At pp. 670 and 671 of the transcript, Judge Fisher stated "I am asked to comment about Bomwell * * You'll recall that he is a member of the indictment, that he was charged as a member of the conspiracy in this indictment and has been granted immunity by this court upon recommendation of the Department of Justice * * *. He has admitted, however, that he did not tell the truth heretofore when he was making up these documents" (for presentation to the F.H.A.) "or taking part in *it*." (emphasis supplied). (The conspiracy to defraud).

■ The court thus patently stressed the immunity given Bomwell and his wife in order to obtain Bomwell's evidence and the potentially unreliable nature of that type of testimony, thereby satisfying the Owens requirement. This instruction becomes even more effective in light of Bomwell's statement before the jury on cross-examination. There he was asked if he remembered testifying before the Grand Jury and he stated that he had. Queried as to whether or not he had lied then too, Bomwell replied, "That's right." He was questioned further, "Isn't it a fact you were trying to make the best deal then for yourself? You have stood here today and said you lied to save your money." Once again Bomwell's reply was "That's right." Tr. p. 347. Although the word "accomplice" was not used by the trial judge in his instructions pertaining to Bomwell's testimony, the supplemental charge completely brought out the degree of suspicion with which that evidence was to be viewed. Following the supplemental charge, there was no objection raised to it by defense attorney who had requested a charge which adequately covered the doubtful nature of Bomwell's testimony. No further objection was made by the defense to the court and there was no presumption of truthfulness charged.

The transcript of the trial record makes it very clear that the trial judge not only did not commit any reversible error with respect to the Bomwell evidence but sharply and at length instructed the jury that "Your function, the function of the jury, on the other hand is to judge the facts, the weight of the testimony, the credibility of the witnesses, the inferences to be drawn from the testimony and the ultimate conclusions to be reached upon all of the facts."

Throughout Judge Fisher's long and careful charge and supplemental charge, he fully, fairly and soundly instructed the jury on its responsibility. We find no error as to Bomwell's testimony in the main or supplemental charge; moreover, aside from Bomwell's testimony other evidence so overwhelmingly connected Delaney and Austin to the fraudulent scheme that any possible error with respect to the Bomwell testimony was harmless.

■ The remaining point urged as prejudicial error deals with the purchase price of the six properties involved in this matter and their resale price, which were offered in evidence by the plaintiff to show appellants' motives in presenting

the false documents above mentioned. The allowance of that evidence was plainly within the discretion of the trial judge. See United States v. Eury, 268 F.2d 517 (2 Cir. 1959); Moses v. United States, 297 F.2d 621 (8 Cir. 1961). In Harper v. United States, 143 F.2d 795, 803 (8 Cir. 1944) the court held "Evidence outside of the scheme may be admitted which tends to elucidate or clarify false statements for the purpose of showing intent."

The judgment of the District Court will be affirmed.