**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**William Claude HILL,
Defendant-Appellant.**

**No. 79–1097.**

United States Court of Appeals,
Tenth Circuit.

Submitted June 23, 1980.

Decided Aug. 14, 1980.

Dana Francis Strout, Denver, Colo. (Robert D. McDonald, Fort Gibson, Okl., on brief), for defendant-appellant.

---

Julian K. Fite, U. S. Atty., and Betty Outhier Williams, Asst. U. S. Atty., Muskogee, Okl., for plaintiff-appellee.

Before SETH, Chief Judge, and PICKETT and SEYMOUR, Circuit Judges.

SETH, Chief Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

On January 11, 1978, the Peoples National Bank of Checotah, Oklahoma was robbed by two black males. The robbers were wearing ski masks, coats, and gloves so that their identity other than their race, height, and weight was impossible to ascertain. Witnesses later saw two black men in a white car throwing clothes out of the car.

Defendant Hill was charged with bank robbery and conspiracy to rob a bank, in violation of 18 U.S.C. §§ 2113(a), (d), and 2, and 18 U.S.C. § 371. Four other defendants were charged with the same offense, and codefendants Carol Susan Drinkard and Robert J. Woolsey pleaded guilty to conspiracy. The charge of bank robbery against them was dropped. These two witnesses testified for the government in the trial of defendant Hill. He was found not guilty of bank robbery, but guilty of conspiracy. It is from this jury verdict on the conspiracy count that he now appeals.

Appellant urges that the court erred in failing to give an "interested witness" instruction relating to the testimony given by codefendants Drinkard and Woolsey. He also argues that the court erred in admitting evidence.

On the accomplice instruction issue, defendant Hill argues that of the fifteen government witnesses only codefendants Woolsey and Drinkard testified as to the alleged conspiracy and this testimony was not corroborated. Thus a cautionary instruction as to such uncorroborated testimo-

ny was required. He urges that since such an instruction was not given, the court committed plain error requiring reversal.

■ We have held in several cases that a conviction may be based on the uncorroborated testimony of an accomplice. *United States v. Gunter*, 546 F.2d 861 (10th Cir.); *United States v. Downen*, 496 F.2d 314 (10th Cir.); *United States v. Webb*, 466 F.2d 190 (10th Cir.); and *United States v. Birmingham*, 447 F.2d 1313 (10th Cir.). However, if the testimony of an accomplice is uncorroborated, "the court must instruct the jury that testimony of accomplices must be carefully scrutinized, weighed with great care, and received with caution." *United States v. Birmingham*, 447 F.2d 1313, 1317 (10th Cir.). *See also United States v. Shuckahosee*, 609 F.2d 1351 (10th Cir.); *United States v. Waldron*, 568 F.2d 185 (10th Cir.); *Butler v. United States*, 408 F.2d 1103 (10th Cir.); *Johns v. United States*, 227 F.2d 374 (10th Cir.).

■ In the case before us no objection was made at trial to the failure to give a cautionary instruction. We have held that failure to instruct on uncorroborated accomplices' testimony constitutes plain error. *United States v. Owens*, 460 F.2d 268 (10th Cir.). *See also Tillery v. United States*, 411 F.2d 644 (5th Cir.). After a review of the record, we must conclude that the testimony of the accomplices was indeed uncorroborated as to the conspiracy. Thus failure to give a cautionary instruction was plain error.

The government's case consisted of the testimony of some fifteen witnesses, as mentioned. Seven or eight testified as to what occurred during the robbery at the bank. The only description of the robbers was that they were two black males wearing masks and carrying firearms. Approximations of height and weight of the two men were fairly consistent. Several other witnesses testified to seeing two black males speeding in an older white car, and tossing things out of the car. The witnesses found clothing and firearms alongside the road. The two men were also seen

assisting a white woman and man, later identified as codefendants Drinkard and Woolsey.

None of these witnesses testified as to the existence of a conspiracy, or as to Hill's alleged involvement in a conspiracy. The only witnesses with possible knowledge of, or information about, the actual conspiracy were Woolsey and Drinkard. Both were on heroin at the time of the robbery. Indeed, Mrs. Drinkard testified that she could not positively identify the two black "dudes" involved, and that she was "scared into making a statement" about Hill and Michael Smith, the other codefendant. Woolsey gave detailed testimony about the agreement, plans, and activities in robbing the bank. However, his lengthy former record as a convicted felon and his interest in testifying for the government cast doubt upon his credibility. At any rate, even if his testimony could be considered substantial and reliable, the law does not permit conviction on uncorroborated testimony of such an accomplice without a proper cautionary instruction. As the Fifth Circuit stated in *Tillery v. United States*, 411 F.2d 644, 648:

"Because federal courts allow a conviction on the uncorroborated testimony of an accomplice, if not incredible or unsubstantial on its face, such testimony often constitutes the decisive influence in a jury's decision. Consequently, the jury must ponder the veracity of an accomplice's damaging testimony cast in its proper light. By failing to warn the jury about Padgett's reliability in this case, the trial court presented the evidence to the jury in an improper perspective, and the jury may have felt bound to accept it as true."

The instruction that was given to the jury regarding credibility of witnesses was given in closing, it was typical as to credibility generally, and stated simply:

"Ladies and gentlemen, you are the judges of the facts, of the weight of the evidence, and of the credibility of the witnesses. In determining such weight or credit, you may consider the interest, if any, which a witness may have in the result of the trial, the relation of the witness to the parties, the bias or prejudice, if any has been apparent, the candor, fairness, intelligence and demeanor of the witness, the ability of the witness to remember and relate past occurrences, means of observation, and opportunity of knowing the matters about which the witness has testified."

In our *Todd v. United States*, 345 F.2d 299, 301 (10th Cir.), the instruction given was very similar to the one above. We found no reversible error because of "the very substantial corroboration in this case." We did state, however:

"If such testimony is corroborated in critical respects, we nevertheless favor careful instructions in form and substance calculated to call attention to the character of the testimony of the informer, leaving to the jury the ultimate question of value and credibility. . . . The sufficiency of the instructions depends upon other incriminating circumstances of the case tending to corroborate the informer."

Further, "it is not a matter of whether the defendant was given an instruction in the exact form requested. Rather, the concern is whether his rights were recognized in the court's rulings and in the court's instructions." *United States v. Hall*, 536 F.2d 313, 328 (10th Cir.).

In the case at bar the only possible corroboration of the accomplices' testimony was in the description by other witnesses of the physical characteristics (height and weight) of one of the robbers, which approximated the height and weight of defendant Hill. This is not sufficient to constitute "corroboration" of a conspiracy to rob the bank. This is not a case like *United States v. Shuckahosee*, 609 F.2d 1351 (10th Cir.), where the testimony of the witness in question was corroborated by two confessions and "a surplus of circumstantial evidence." As was the case in our *United States v. Owens*, 460 F.2d 268, 269 (10th Cir.), nothing ties the defendant to the conspiracy but the testimony of the accom-

plices. "Under such circumstances the trial judge is obligated to properly apprise the jury of the potentially unreliable nature of the accomplices' testimony by means of a special cautionary instruction." Failure to do so is "plain and reversible error."

■ Appellant also argues that the court erred in admitting items of clothing and firearms found on the side of the road after the robbery. He urges that the items were not properly identified or connected to him in any way and that they were thus irrelevant. In *United States v. Carranco*, 551 F.2d 1197 (10th Cir.), we said:

> "The determination of the adequacy of the foundation for the admission of evidence, and the admission or rejection of evidence is left to the discretion of the trial court and will be overturned on appeal only if there has been a clear abuse of discretion. *United States v. Sparrow*, 470 F.2d 885 (10th Cir.); *United States v. Brumley*, 466 F.2d 911 (10th Cir.). . . The federal rules and practice favor the admission of evidence rather than its exclusion if it has any probative value at all. *Julander v. Ford Motor Co.*, 488 F.2d 839 (10th Cir.)."

Testimony here by government witnesses established that the items were used in the bank robbery and were thrown out of a car after the robbery. There was no abuse of discretion in their admission, and at any rate it appears that the items were only probative on the charge of bank robbery, of which defendant Hill was acquitted.

Because no cautionary instruction was given on the uncorroborated testimony of the accomplices as to proof of conspiracy, the cause is reversed and remanded for new trial.