**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DONALD CARAVEAU,

Defendant-Appellant.

No. 96-8115
(D. Wyo.)
(D.C. No. 96-CR-60)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **BARRETT**, and **McKAY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Donald Caraveau appeals his conviction for conspiracy to possess with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. § § 841(a)(1), 841(b)(1)(B), and 846. Michael Stukey, who was also indicted for participating in the conspiracy, testified against Mr. Caraveau in the district court. Mr. Caraveau contends that the district court erred by refusing to give his suggested jury instruction addressing the uncorroborated testimony of an accomplice witness. Additionally, Mr. Caraveau brings ineffective assistance of counsel claims against his trial and appellate attorneys.

We exercise jurisdiction under 28 U.S.C. § 1291, and affirm the district court's decision and dismiss Mr. Caraveau's ineffective assistance of counsel claims without prejudice. Such claims of ineffective assistance of counsel should be brought in collateral proceedings pursuant to 28 U.S.C. § 2255. See United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).

The district court's refusal to give Mr. Caraveau's particular instruction is reviewed for abuse of discretion. Harrison v. Eddy Potash, Inc., 112 F.3d 1437, 1442 (10th Cir. 1997), petition for cert. filed, 66 U.S.L.W. 3137 (U.S. Aug. 6, 1997) (No. 97-232). The instructions themselves are reviewed de novo "to determine whether, as a whole, they correctly stated the governing law and provided the jury with an ample understanding of the issues and applicable standards." Id.; United States v. Swallow, 109 F.3d 656, 658 (10th Cir. 1997).

Mr. Caraveau asserts that according to <u>United States v. Owens</u>, 460 F.2d 268 (10th Cir. 1972), the district court committed plain and reversible error when it failed to recite Mr. Caraveau's suggested instruction on the testimony of accomplices. <u>United States v. Owens</u> requires no such result. <u>Owens</u> holds that where the only evidence directly implicating a defendant is the testimony of acknowledged accomplices, a cautionary instruction apprising the jury of the potentially unreliable nature of the accomplices' testimony is required. <u>Id.</u> at 269. Such a cautionary instruction was not required in Mr. Caraveau's case because evidence was presented at trial in support of the accomplice testimony; Mr. Stukey's testimony was corroborated in part by Federal Express receipts and Mr. Caraveau's own taped statement.

Moreover, even if the accomplice testimony had been uncorroborated, the jury was properly cautioned by the district court's instructions. <u>See</u> <u>United States v. Torres</u>, 53 F.3d 1129, 1140 (10th Cir.), <u>cert. denied</u>, 515 U.S. 1152 (1995); <u>United States v. Chatman</u>, 994 F.2d 1510, 1514-15 (10th Cir.), <u>cert. denied</u>, 510 U.S. 883 (1993); <u>Owens</u>, 460 F.2d at 269. The court instructed the jury that accomplice testimony

> may be received and considered by the jury, even though not corroborated by other evidence, and given such weight as the jury feels it should have. The jury, however, should determine whether an accomplice's testimony has been affected by any interest the accomplice may have in obtaining a reduction in punishment or other benefit and should keep in mind that such testimony is always to be received with caution and considered with great care.

R., Vol. 2, Inst. 36. In another instruction, the district court stated that the "evidence of Mr. Stukey's plea of guilty is admitted . . . so that you may assess the credibility of Mr. Stukey as part of your duty in assessing the credibility of each and every witness who appeared in this case." R., Vol. 2, Inst. 40A. The district court committed no error in refusing to give Mr. Caraveau's suggested instruction. The given instructions, as a whole, were sufficiently cautionary, and Mr. Caraveau "is not entitled to 'any specific wording of instructions.'" United States v. McGuire, 27 F.3d 457, 462 (10th Cir. 1994) (quoting United States v. Bryant, 892 F.2d 1466, 1468 (10th Cir. 1989)).

The judgment of the trial court is **AFFIRMED**, and the ineffective assistance of counsel claims are **DISMISSED** without prejudice.

Entered for the Court


Monroe G. McKay
Circuit Judge

4