OPINION
CYNTHIA FORD, Justice.
In this criminal action, the Tribes charged defendant Ta’a McKee with the crimes of theft, burglary, conspiracy to commit criminal mischief and contributing to the delinquency of a minor. All of the charges arise from an alleged break-in of a home in Pablo, which occurred on December 16, 1995.
McKee pled not guilty to the charges against him. The trial court held a pretrial conference and scheduled a jury trial. However, before that trial occurred, the *71 defendant moved for dismissal of the charges as a matter of law. He argued that the Tribes could not convict him if their only evidence was the testimony of accomplices. The Tribes agreed that they had no other evidence, but argued that a defendant can be convicted solely on the testimony of accomplices.
Judge Burke granted the defense motion and dismissed the charges with prejudice before trial, holding:
[A]s a matter of law, ... in a criminal prosecution a person may not be found guilty of an offense on the testimony of one responsible or legally accountable for the same offense, unless the testimony is corroborated by other evidence that in and of itself and without the aid of testimony of the one responsible or legally accountable for the same offense tends to connect the defendant with the commission of the offense.
(This language mirrors that of MCA Section 46—16—213.)
The Tribal prosecutor appealed this dismissal, arguing that the trial court erred as a matter of law in granting the motion to dismiss. We reverse.
ISSUE
This appeal raises a question of first impression in this jurisdiction: can a criminal defendant be convicted based solely on the testimony of one or more accomplices?
HOLDING
For the reasons explained below, this Court holds that a criminal defendant in the court system of the Confederated Salish and Kootenai Tribes can be convicted solely on the basis of accomplice testimony, provided that the jury receives a specific cautionary instruction whenever there is no independent corroboration of the accomplice’s testimony.
DISCUSSION
A. Choice of Law
The Tribes’ Law and Order Code has no provision about the sufficiency of uncorroborated accomplice testimony for a criminal conviction. Apart from Judge Burke’s order in this case, there is no decision on point from the Salish and Kootenai Tribal Court system.
The State of Montana has both a statute (MCA Sec. 46-16-213) and case law on the subject, clearly holding that accomplice testimony, as a matter of law, is not sufficient to convict.
Federal law is to the contrary. There is no federal statute on this point but several federal cases acknowledge that in the federal system, a defendant can be convicted solely on the testimony of an accomplice or co-conspirator. (Some of these cases do contain suggested language to caution juries about the inherent unreliability of such testimony). General commentators such as ALR and AmJur suggest that the old common law rule in many states was the same as the current federal rule: no corroboration of accomplice testimony was necessary to convict.
The parties were invited to research and brief the law of other tribes in the United States on this issue, it appears from the materials submitted at oral argument in response to this request that none of the Montana tribes has any code section on the issue of conviction by accomplice testimony. Of the three tribal systems outside Montana which the parties researched, only the Cherokee Nation has any provision. The Cherokee Tribal Code, Chapter 10, Section 742, provides that “A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by ... other evidence ... ”
*72 The tribal prosecutor argues that this court is bound to follow the federal rale, and thus allow the case to proceed without corroborating testimony, based on two provisions in the Law and Order Code. If the Tribes are correct, this Court’s hands are tied and it should adopt the federal rule. If the Tribes’ position on the choice of Law is incorrect, this Court is free to adopt the rule which it feels is better reasoned and better supported by public policy.
The prosecutor’s first argument is that the Confederated Salish and Kootenai Tribal Code specifically requires the Tribal Courts to apply tribal law and customs first, federal law second, and state law if and only if neither tribal law nor federal law addresses the issue at hand. However, the Code provision which the prosecutor cites for this proposition is entitled “LAWS APPLICABLE IN CIVIL ACTIONS.” Tribal Law and Order Code, Chapter II, Section 3. On its face, this rule does not apply in the criminal context which we encounter here. There is no corollary rule for criminal cases. While the Tribal Council certainly could adopt such a rule for criminal actions, it has not done so, presumably consciously.
The prosecutor’s stronger argument for adoption of the federal model rests on another code provision which does squarely apply to criminal actions. Tribal Law and Order Code, Chapter III, Section 14, provides:
Unless otherwise directed by a specific code provision, the Federal Rules of Evidence shall apply in all criminal actions.
The issue thus becomes whether the federal rule on co-conspirator testimony is a “Federal Rule of Evidence.” This phrase has a specific technical meaning, and refers to a definite set of rules known as the “Federal Rules of Evidence,” originally drafted by a Special Committee on Evidence appointed by U.S. Supreme Court Chief Justice Earl Warren, effective July 1, 1975. These rules do not address the issue of whether a criminal defendant can be convicted solely on the basis of accomplice testimony. Rather, those rules indicate that accomplice testimony is admissible. See, F.R.E. 601: “Every person is competent to be a witness ...” There is no exception to this rule for accomplices or co-conspirators. The Federal Rules of Evidence do not establish the weight to be given accomplice testimony.
The federal practice regarding accomplice testimony derives from the federal case law, and is neither a creature of statute nor rule. Therefore, the Tribal Code Chapter III, Section 14 does not require this court to follow the federal practice on this issue.
The Tribal Council did look to Montana law rather than to federal law in adopting the Code provisions on accountability for conduct of another. Certainly, Montana’s common law interpretations of its accountability statute would be persuasive to but not binding on this court in determining if the defendant should be held accountable for the conduct of another under our similar code. However, that is not the issue before us here; thus, Montana law is not directly on point.
The sovereignty of the tribes is not impacted by an adoption of either rule urged by the parties. The essence of tribal sovereignty and the tribes’ judicial power is the power of the tribes to select, either legislatively or judicially, the law which governs their people. The tribes may look to any outside source, or no outside source, to determine which rule to adopt. Recognizing that a particular jurisdiction has selected a well-reasoned approach does not cede any sovereignty to that jurisdiction.
*73 Thus, this Court is not required to adopt the rule followed by any particular jurisdiction, and is free to adopt the rule which it finds most suits the Tribes.
B. PUBLIC POLICY CONSIDERATIONS
The common law rule was that the uncorroborated testimony of an accomplice could support a conviction. This is still the rule in the federal courts and in many state courts. Many other states have changed the rale to prohibit conviction unless there is independent corroboration of the accomplice testimony.[1]
The real issue is how far to trust the jury to accurately weigh the enhanced danger that an accomplice witness will lie on the stand. Montana and other jurisdictions which absolutely require additional independent evidence essentially distrust the jury, by not allowing them even to consider conviction without the corroboration, no matter how credible that jury might find a particular accomplice. In the federal and other jurisdictions which do allow the jury to convict based only on accomplice testimony, the jury is given more respect. However, even in these jurisdictions, there often are cautionary devices to point out to the jury that accomplice testimony is suspect.
This court has three choices. The two extremes are: to allow conviction based on accomplice testimony alone, or to require additional corroborating evidence before a criminal case can go to the jury. The third, middle, alternative is to allow conviction, but require a specific instruction to the jury to use extra caution in assessing accomplice testimony.
1. Reasons to prohibit conviction without independent corroboration of accomplice testimony
Montana is one of sixteen states, plus the Territory of Puerto Rico,[2] which do not allow a criminal conviction unless the testimony of the accomplice/co-conspirator is corroborated by independent evidence. The reasons usually cited for this special treatment of accomplices have to do with the facts that the witness is him/herself a criminal and is subject to unusual temptation to lie:
The fact that the testimony of an accomplice is not of the most satisfactory character is a matter clearly recognized by the eases.
4 A.L.R.3d 351 (1965) at 9.
Without corroboration, an innocent man could be convicted by the testimony of one with a strong motive for seeing that such a conviction occurred.
State v. Warren, 192 Mont. 436, 439, 628 P.2d 292 (1981).
Judge Burke’s opinion adopting this position cited the possibility of selective prosecution, and implicitly recognized the danger of false testimony by a criminal who, already liable himself or herself, dislikes another member of the community and determines to “take that person down” too. Judge Burke’s reasoning is shared by many.
Even the federal cases which do allow conviction based solely on the accomplices testimony recognize that accomplice testimony is by its very nature suspect, and recommend precautions to minimize its effect. The fact that these courts feel these *74 precautions to be advisable indicates that they, too, worry about the reliability of this type of testimony.
A skeptical approach to accomplice testimony is a mark of the fair administration of justice ... [A] long history of human frailty and government overreaching for conviction justifies distrust in accomplice testimony.
Phelps v. United States, 252 F.2d 49, 52 (5th Cir.1958).
2. Policy Reasons to allow conviction based solely on accomplice testimony
While some accomplice-witnesses may in fact falsely implicate a defendant, others do tell the truth. Indeed, by definition, accomplices have the “birds’ eye view” of the crime and are most competent to tell who was involved in it. If such an accomplices testimony is truthful but is discredited merely because of her status, justice will not be served. If the witness were a mere observer, however, no matter how much enmity existed between the witness and the defendant, the jury could assess both the testimony and the witness’ probable motivation and other indices of credibility in deciding whether in this particular case to convict based solely on the witness’ word.
Thus, in the federal system and presumably other states,[3] the jury has the final say in assessing the truthfulness of the accomplice’s testimony. “[Tjhere is no absolute rule of law preventing convictions on the testimony of accomplices if juries believe them.” Gormley v. United States, 167 F.2d 454 (Cir., 1948). See also, United States v. Corallo, 413 F.2d 1306 (Cir., 1969).
3. Middle ground: Allow conviction based solely on accomplice testimony, but require a safeguard.
This Court adopts the middle ground in order to “get the good” of both positions, by allowing a criminal to be convicted solely on the testimony of his or her accomplices, but imposing a safeguard to counteract the increased danger posed by such testimony. This middle ground also reflects this Court’s belief in the jury system and in the ability of jurors to accurately assess the credibility of witnesses before them. The safeguard takes the form of a jury instruction which must be given in all criminal cases where the accomplice testimony[4] is uncorroborated. E.g., United States v. Hill, 627 F.2d 1052 (10th Cir., 1980) (holding that it was prejudicial error to fail to give such a cautionary instruction, even where the defendant did not object at trial to the lack of such an instruction, when the accomplice testimony was uncorroborated). See also, 17 A.L.R. Fed. 249 (1973).
Numerous federal cases have held that where accomplice testimony is presented, a cautionary instruction as to such testimony is required, and the omission of such an instruction constitutes error ... (citations omitted) Such holdings have been reached especially where accomplice testimony was uncorroborated by other evidence.
*75 The federal eases differentiate between situations where the accomplice testimony was corroborated and those where it was not, often finding that a failure to give a cautionary instruction was not error, or not prejudicial even if erroneous, where independent corroboration of the accomplice testimony was introduced, but finding reversible error in cases where there was neither corroboration nor a cautionary instruction, This Court adopts the same standard.
To facilitate implementation of this holding, the Court suggests that the following jury instruction be given in all cases where the only basis for conviction is the testimony of accomplices or co-conspirators in the crime:
In assessing the credibility of witnesses, you should be particularly careful about the testimony of any accomplices. An accomplice is one who participates in the commission of a crime. Some courts do not allow a defendant to be convicted based solely on the testimony of accomplices, because an accomplice is more likely to lie than a non-accomplice witness. In this court, you are the judge of the truthfulness of all testimony, including that of any accomplices, and you may convict even if there is no evidence of the defendant’s guilt apart from the accomplice testimony. However, in the defendant’s guilt apart from the accomplice testimony. However, in assessing the accomplice’s testimony, you should view such testimony with caution and scrutinize it closely, carefully considering the accomplice’s possible motives for telling the truth or lying, as well as whether there is any other evidence tending to support the accomplice’s statements.
This Court reverses the Amended Order of the trial court, and remands this case to that court for further proceedings consistent with this opinion.

. 75A AmJur 2d Trial Sec. 821 (1991).

. Alaska, Arkansas, California, Georgia, Idaho, Iowa, Minnesota, Nevada, New York, North Dakota, Oklahoma, Oregon, South Dakota, Tennessee, and Texas. In Tennessee, this rule was created and is maintained by common law; in the other jurisdictions, it is statu to ry.

. The defendant cited sixteen states and a territory in support of his position. The prosecution did not provide any authority other than, the federal model in support of its argument that conviction should not require corroboration of accomplice testimony. The Court presumes, but has not independently researched, that most if not all of the thirty-four uncited states allow conviction solely on accomplice testimony, for reasons similar to those expressed in the federal cases.

. This opinion applies to all cases in which the only testimony offered by the Tribes is from accomplices, even if more than one accomplice so testifies.