**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 19 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

LORENZO LUCHO CASTANEDA-
ULLOA,

     Defendant - Appellant.

No. 00-6050
(D.C. No. 99-CR-57)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **BRISCOE**, Circuit Judges.

Defendant-Appellant, Lorenzo Lucho Castaneda-Ulloa, appeals from his

convictions and sentence for conspiracy to possess with intent to distribute and

distribution of cocaine powder, 21 U.S.C. §§ 841(a)(1), 846; interstate

transportation in aid of racketeering, 18 U.S.C. §§ 2, 1952(a)(3); money

laundering, 18 U.S.C. §§ 2, 1956(a)(1)(A); and use of a communication facility to

facilitate a conspiracy to possess with intent to distribute cocaine. 21 U.S.C. §

843(b). See I R. Indict. & Doc. 59. We have jurisdiction pursuant to 28 U.S.C. §

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1291 and 18 U.S.C. § 3742(a) and we affirm.

## Background

After a trial, a jury convicted Mr. Castaneda-Ulloa on one count of conspiracy to distribute cocaine (Count 1), five counts of facilitating interstate transportation in aid of racketeering (Counts 2, 3, 5, 6, and 8), one count of money laundering (Count 7), and one count of use of a communication facility to facilitate the conspiracy to distribute cocaine (Count 9). See I R. Indict. & Doc. 59. The district court sentenced Mr. Castaneda-Ulloa to 292 months on Count I; sixty months on each of Counts 2, 3, 5, 6, and 8; 240 months on Count 7; and forty-eight months on Count 9, all sentences to run concurrently. I R. Doc. 59, at 2. The district court also imposed concurrent terms of supervised release upon Petitioner's release from prison, the longest term being five years on Count 1, and special penalty assessments of $100 per count for a total of $800. Id. at 3-4. Because the parties are familiar with the facts, we will not restate them here, but will only refer to them as needed for our analysis.

## Discussion

On appeal, Mr. Castaneda-Ulloa raises three issues: (1) whether the district court's failure to instruct the jury on drug quantity rises to the level of reversible

plain error under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); (2) whether the jury was given proper instruction regarding accomplice testimony; and (3) whether a variety of evidentiary issues constitute reversible plain error. We address each issue in turn.

A. The <u>Apprendi</u> Challenge

Count I of the indictment charged Mr. Castaneda-Ulloa with conspiring to possess, with the intent to distribute, and distributing cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. In describing the overt acts that comprised the conspiracy, the indictment alleged that Petitioner had conspired to possess, with the intent to distribute, and had distributed approximately eleven kilograms of cocaine and "kilogram quantities" of cocaine base. I R. Indictment at 3-7. The quantity of cocaine distributed was not disputed at trial, but the quantity was not submitted to the jury as an element of the offense that the jury must find beyond a reasonable doubt. See I R. Doc. 38, at 37 (jury instruction stating "[t]he evidence in the case need not establish that the amount or quantity of controlled substance was as alleged in the Indictment, but only that a measurable amount of the controlled substance was in fact the subject of the acts charged in the Indictment"). Mr. Castaneda-Ulloa did not object to the jury instructions. V R. at 499.

The presentence report ("PSR") indicated that Mr. Casteneda-Ulloa was

responsible for approximately 13.4 kilograms of cocaine powder and 25.5 kilograms of cocaine base. VII R. at 6. Mr. Castaneda-Ulloa did not object to the facts in the PSR. Id. at 13. The district court adopted the findings of the PSR, I R. Doc. 59, at 6, and sentenced Petitioner to 292 months' imprisonment on the conspiracy charge. Id. at 2. Because the maximum penalty available for a cocaine conspiracy that does not involve a specified amount of cocaine is twenty years (240 months), see 21 U.S.C. §§ 841(b)(1)(C), 846, Mr. Castaneda-Ulloa contends that his sentence of 292 months is contrary to the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). We disagree.

Because Mr. Castaneda-Ulloa did not object to the jury instructions at trial, we review his Apprendi challenge for plain error only. United States v. Keeling, 235 F.3d 533, 538 (10th Cir. 2000), cert. denied, _ S. Ct._, 2001 WL 578795 (June 25, 2001) (No. 00-10161). To notice plain error under Fed. R. Crim. P. 52(b), there must be (1) an error that is (2) "plain" and (3) that "affects substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). However, "Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (citation and internal quotations omitted).

The Supreme Court in Apprendi held that "[o]ther than the fact of a prior

- 4 -

conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Because Apprendi states a new rule of constitutional criminal procedure, it must be applied retroactively to cases pending on direct review. United States v. Heckard, 238 F.3d 1222, 1234 (10th Cir. 2001), citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987). Apprendi applies to § 841(b). Keeling, 235 F.3d at 538.

Mr. Castaneda-Ulloa argues that because drug quantity was not submitted to the jury to determine beyond a reasonable doubt, he should have been sentenced under § 841(b)(1)(C), with a maximum sentence of twenty years. He contends that the district court's failure to do so was plain error. We have already decided this issue in Keeling. In Keeling, we held that "[a] jury instruction which omitted quantity as an element in these circumstances is actual error that is now plain and obvious." 235 F.3d at 539. Although we declined to determine whether such an error affected "substantial rights," the third prong of the plain-error test, in that case, we held that "[e]ven if the first three elements of the plain error test are satisfied, where the evidence on a misdescribed or omitted element of the offense is overwhelming, the fourth element, that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings, is not." Id. at 538 (citation omitted). Therefore, even though Mr. Castaneda-Ulloa can demonstrate

error that is plain concerning the failure to submit drug quantity to the jury, we decline to notice the error for it fails to "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732. Our review of the entire record demonstrated that there was uncontroverted, overwhelming testimony as to the amount of cocaine powder and cocaine base at issue in this case.

B. Accomplice Testimony Jury Instruction

Mr. Castaneda-Ulloa argues that his conviction for Count 3 of the indictment, facilitating interstate transportation in the aid of racketeering in July 1998, must be reversed as the only proof on that count was accomplice testimony, and the district court failed to instruct the jury to weigh such testimony with great caution. See Aplt. Br. at 25. The government concedes that accomplice testimony is the only evidence supporting Appellant's conviction on Count 3. See Aplee. Br. at 20. Because Mr. Castaneda-Ulloa did not object to the jury instructions at trial, V R. at 499, our review once again is for plain error. United States v. Fabiano, 169 F.3d 1299, 1302 (10th Cir.), cert. denied, 528 U.S. 852 (1999); see also Olano, 507 U.S. at 732.

Appellant contends that "[a] conviction on uncorroborated accomplice testimony is valid only if the jury is instructed that such testimony must be carefully scrutinized, weighted [sic] with great care, and received with great

caution." Aplt. Br. at 25 (citing United States v. Chatman, 994 F.2d 1510, 1514-15 (10th Cir. 1993)). We have held that when uncorroborated accomplice testimony is the only evidence supporting conviction that failure "to properly apprise the jury of the potentially unreliable nature of the accomplices' testimony by means of a special cautionary instruction" is plain and reversible error. United States v. Hill, 627 F.2d 1052, 1055 (10th Cir. 1980) (internal quotations omitted); see also United States v. Owens, 460 F.2d 268, 269 (10th Cir. 1972) (holding that failure to instruct the jury that accomplice testimony must "be carefully scrutinized, weighed with great care, and received with caution" was plain and reversible error).

We note, however, that "[a] defendant is not entitled to any specific wording of instructions." United States v. McGuire, 27 F.3d 457, 462 (10th Cir. 1994) (internal quotations and citation omitted). "Rather, the concern is whether his rights were recognized in the court's rulings and in the court's instructions." Hill, 627 F.2d at 1054 (quoting United States v. Hall, 536 F.2d 313, 328 (10th Cir. 1976)). On plain error review, we analyze jury instructions "as a whole to determine whether the jury may have been misled, upholding the judgment in the absence of substantial doubt that the jury was fairly guided." Fabiano, 169 F.3d at 1303 (internal quotations and citation omitted).

In this case, the district court failed to give a "special cautionary

instruction" regarding accomplice testimony. Although the government argues that the "Accomplice-Plea Agreement" jury instruction given by the district court was sufficient, see Aplee. Br. at 22, we disagree. The Accomplice-Plea Agreement jury instruction used by the district court, in relevant part, states that "[a] plea bargain is one factor you should take into account in evaluating the testimony of a witness if a part of the bargain or a consequence of it is leniency in exchange for cooperation in other cases." I R. Doc. 38, at 12. Unlike some pattern instructions, it does not advise that the testimony is to be received with caution and weighed with great care. Although a defendant is not entitled to any particular language in an instruction, the court's instruction does not sufficiently convey the requirement that accomplice testimony must be "carefully scrutinized, weighed with great care, and received with caution." The failure of the district court to give a separate cautionary instruction regarding accomplice testimony was plain error that affected substantial rights.

We do not notice this error, however, as we do not think that the "fairness, integrity or public reputation of judicial proceedings" was "seriously affect[ed]." Olano, 507 U.S. at 732. Reviewing the instructions as a whole, we believe that the defendant's rights "were recognized . . . in the court's instructions." Hill, 627 F.2d at 1054. This is not a case where only one stock instruction on witness credibility was given. Cf. United States v. Gardner, 244 F.3d 784, 789-90 (10th

- 8 -

Cir. 2001) (reversing defendant's conviction after reviewing the district court's failure to give the jury a separate cautionary accomplice instruction de novo). In addition to a general credibility instruction, the court also gave the accomplice-plea agreement instruction discussed supra, a drug user instruction, and a prior felon instruction. See I R. Doc. 38, at 6, 9, 11. Both accomplices that testified against Petitioner in regards to Count 3 of the indictment were drug addicts or users and prior felons. We assume that the jury applies the law as given in the jury instructions to the facts of the case, and the jury instructions as a whole adequately warned the jury why the accomplices' testimony could be particularly unreliable–drug use, former convictions, and the hope of gaining leniency under a plea agreement. In particular, the drug addict instruction specifically instructed the jury to consider testimony from a drug user with "great scrutiny." Id. at 9. See also United States v. Smith, 692 F.2d 658, 661 (10th Cir. 1982) (holding that district court's failure to give an addict instruction was not reversible error because "[t]he instructions to the jury on accomplice, immune informant, and felon testimony, along with the general credibility instruction, were sufficient to alert the jury to consider with special care and weigh with caution the testimony of [the witness]"). Though it does not figure large in our analysis, Mr. Casteneda-Ulloa's counsel also reminded the jury of the importance of judging the credibility of the government's witnesses. V R. at 511 ("All the non-law

enforcement people that have testified in this case, who are admitted conspirators and admitted violators of the law, have been rewarded for coming to court to testify. And some of them might possibly receive some additional rewards in the future . . . ."). We uphold Mr. Castaneda-Ulloa's conviction on Count 3 of the indictment.

C. Evidentiary Issues

Finally, Mr. Castaneda-Ulloa raises four alleged evidentiary errors, claiming that the errors independently and cumulatively constitute plain error requiring reversal. Petitioner alleges that his conviction should be reversed because: (1) the prosecutor had its case agent vouch for one of its key witnesses; (2) the case agent provided hearsay testimony that Mr. Castaneda-Ulloa's girlfriend received drug proceeds at the direction of the defendant; (3) the case agent indicated that Mr. Castaneda-Ulloa was involved in drug dealing beyond that alleged in the indictment; and (4) the prosecution introduced evidence of other uncharged drug offenses. Because Mr. Castaneda-Ulloa made no objections at trial to the admission of any of the above evidence, we review the district court's evidentiary decisions for plain error. See, e.g., United States v. Molina, 75 F.3d 600, 602 (10th Cir. 1996). We emphasize once again that "[p]lain errors are those which are obvious and substantial, and which when viewed in light of the entire record seriously affect the fairness, integrity, or public reputation of

judicial proceedings." United States v. Becker, 230 F.3d 1224, 1231 (10th Cir. 2000) (internal quotations and citation omitted), cert. denied, 121 S. Ct. 1666 (2001). After having reviewed the entire record, we hold that Mr. Castaneda-Ulloa has failed to show that the admission of any of the above evidence, either independently or cumulatively, was "error," much less "plain error."

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge