**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 7 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

LORENZO LUCHO CASTENEDA-
ULLOA, aka Silvio Luis Ignacio-
Castaneda; aka Joe Ortega; aka Jose
Rivera Ortega; aka Lucho Castenada-
Ulloa; aka Lorenzo Castenada Ulloa,

     Defendant - Appellant.

No.02-6297
(D.C. Nos. 02-CV-1009-R &
99-CR-57-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **HENRY**, and **MURPHY**, Circuit Judges.

---

Petitioner Lorenzo Lucho Casteneda-Ulloa ("Petitioner") filed a habeas

petition under 28 U.S.C. § 2255 on the ground that he received ineffective

assistance of counsel when his trial attorney failed to request a cautionary jury

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G).  The case is therefore ordered submitted without oral argument.  This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

instruction regarding accomplice testimony. The district court denied his petition, and Petitioner now appeals. We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, REVERSE the district court's denial of habeas corpus, and REMAND for further proceedings in accordance with this order and judgment.


## BACKGROUND

Petitioner was convicted on one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (Count 1); five counts of facilitating interstate transportation in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3) (Counts 2, 3, 5, 6, and 8); one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A) (Count 7); and one count of use of a communication facility to facilitate the conspiracy to distribute cocaine, in violation of 21 U.S.C. § 843(b) (Count 9).

On direct appeal, Petitioner argued, inter alia, that the district court improperly failed to give a jury instruction that uncorroborated accomplice testimony had to be carefully scrutinized, weighed with great care, and received with great caution with regard to Count 3. Because trial counsel had not requested the instruction, we reviewed the alleged error under a plain error standard of review. United States v. Castaneda-Ulloa, 15 Fed. Appx. 680, 684 (10th Cir. 2001) (unpublished). We held that "[t]he failure of the district court to

give a separate cautionary instruction regarding [uncorroborated] accomplice testimony was plain error that affected substantial rights." Id. at 685. However, we declined to reverse this error because we did not believe that the "'fairness, integrity or public reputation of judicial proceedings' was 'seriously affect[ed].'" Id. at 685 (quoting United States v. Olano, 507 U.S. 725, 732 (1993)) (alteration in original).

Petitioner then filed a habeas petition under 28 U.S.C. § 2255 in the Western District of Oklahoma on the ground that his attorney's failure to request the cautionary accomplice instruction constituted ineffective assistance of counsel as to Count 3. The district court denied habeas relief because, although we had found prejudice under Olano on direct appeal, the court believed that our finding that the error did not seriously affect the "fairness, integrity or public reputation of judicial proceedings" meant that Petitioner had failed to show the requisite level of prejudice under Strickland v. Washington, 466 U.S. 668, 694 (1984). Petitioner appeals this denial. We granted a certificate of appealability on June 24, 2003, and now REVERSE and REMAND for further proceedings in accordance with this order and judgment.

## DISCUSSION

### A.     Standard of Review

A district court may grant relief under § 2255 if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. We review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error. United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000). A claim of ineffective assistance of counsel presents a mixed question of law and fact which we review de novo. Id. at 1197.

### B.     Strickland Analysis

To prevail on an ineffective assistance of counsel claim, a petitioner must show: (1) deficient performance by counsel that (2) caused prejudice to the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984).

#### 1.     Deficient Performance

Under the first prong of Strickland, Petitioner must demonstrate that his attorney's failure to request a cautionary accomplice instruction was deficient

performance that fell below an objective standard of reasonableness. See Bullock v. Carver, 297 F.3d 1036, 1044 (10th Cir. 2002) (citing Strickland, 466 U.S. at 687-88). As described below, we conclude that Petitioner's attorney committed error that may have constituted deficient performance, but we remand for the district court to ascertain whether the failure was the result of informed attorney strategy.

The Supreme Court has noted the existence of a "commonsense recognition that an accomplice may have a special interest in testifying, thus casting doubt upon his veracity." Cool v. United States, 409 U.S. 100, 103 (1972). Although a defendant may be convicted solely on the grounds of accomplice testimony, the jury must be instructed "that accomplice testimony must be carefully scrutinized, weighed with great care, and received with caution." United States v. Chatman, 994 F.2d 1510, 1514-15 (10th Cir. 1993); see also Butler v. United States, 408 F.2d 1103, 1105 (10th Cir. 1969). Failure to give an accomplice instruction may be reversible error "if the testimony of an accomplice is uncorroborated." United States v. Gardner, 244 F.3d 784, 789 (10th Cir. 2001); see also United States v. Wiktor, 146 F.3d 815, 817-18 (10th Cir. 1998); United States v. Hill, 627 F.2d 1052, 1053 (10th Cir. 1980); United States v. Owens, 460 F.2d 268, 269 (10th Cir. 1972).

An accomplice's testimony is "uncorroborated" if "the testimony of the accomplice is the only testimony directly tying the defendant into the criminal transaction." See United States v. Williams, 463 F.2d 393, 395 (10th Cir. 1972); see also Gardner, 244 F.3d at 789. Even if the accomplice's testimony is "nearly" uncorroborated, reversal may be appropriate. United States v. Shuckahosee, 609 F.2d 1351, 1357 (10th Cir. 1980). If an accomplice instruction is required because the accomplice's testimony is uncorroborated, we have found general credibility instructions to be insufficient. See Gardner, 244 F.3d at 790; Hill, 627 F.2d at 1054-55.

In the instant case, the government conceded that the accomplice testimony was the only evidence supporting Petitioner's conviction on Count 3. Castaneda-Ulloa, 15 Fed. Appx. at 684. However, the district court failed to give a special accomplice instruction and we found the "Accomplice-Plea Agreement" instruction to be insufficient to fill that role. Id. at 684-85. Therefore, in our opinion on direct appeal, we held that "[t]he failure of the district court to give a separate cautionary instruction regarding accomplice testimony was plain error that affected substantial rights." Id. at 685. In other words, we found the district court's failure to be "error" that was "clear" or "obvious" and that prejudiced

Petitioner, thereby meeting the first three prongs of <u>Olano</u>.[1]  Since we concluded

that the fourth prong of <u>Olano</u> (that the error seriously affects the fairness,

integrity, or public reputation of judicial proceedings) was not met, we affirmed

the conviction.

Although we did not address on direct appeal counsel's failure to request

such an instruction, in holding that the *court's* failure to issue the cautionary

instruction was "clear" and "obvious" error, we surely did not intend to excuse

counsel for failing to alert the court to the same error.  <u>See</u> <u>United States v.</u>

<u>Conley</u>, 349 F.3d 837, 841 (5th Cir. 2003) (finding deficient performance where

counsel failed to object to an error that was "obvious" and governed by clear

precedent); <u>cf.</u> <u>Hawkins v. Hannigan</u>, 185 F.3d 1146, 1154 (10th Cir. 1999)

(finding deficient performance in counsel's failure to raise on appeal an issue that

had "obvious merit").  We have already found the omission of this instruction to

be an obvious error that affected Petitioner's substantial rights, and we thus find

it difficult to believe that the failure to request the instruction was effective

performance as judged by an objective standard of reasonableness.  <u>See e.g.,</u>

---

[1]Because Petitioner did not make this objection below, our review was only for plain error. To notice plain error under Rule 52(b), a court must find there to be (1) error (2) that is "plain" and (3) that "affects substantial rights."  <u>Olano</u>, 507 U.S. at 732.  If those first three prongs are met, the court may reverse the error within its discretion only if the fourth prong is satisfied, namely that the "error seriously affects the fairness, integrity or public reputation of judicial proceedings."  <u>Id.</u>

Freeman v. Class, 95 F.3d 639, 642 (8th Cir. 1996) ("[T]here [wa]s no reasonable trial strategy for failing to request the cautionary accomplice testimony instruction and corroboration instruction . . . We cannot envision an advantage which could have been gained by withholding a request for these instructions.").

Nevertheless, if counsel's failure to request this instruction was actually the result of informed litigation strategy, it may be saved from constituting deficient performance. See Bullock, 297 F.3d at 1046. "[W]here it is shown that a particular decision was, *in fact*, an adequately informed strategic choice, the presumption that the attorney's decision was objectively reasonable becomes 'virtually unchallengeable.'" Id. (emphasis in original). If the attorney's error was the result of an adequately informed strategic choice, it will be deemed unreasonable only if the "choice was so patently unreasonable that no competent attorney would have made it." Id. (quotation omitted). Because there was no hearing or significant argument below on this issue, we remand to the district court so that it can hold an evidentiary hearing on whether Petitioner's counsel had some strategic reason for failing to request the accomplice instruction. The court must then decide the ultimate question of whether the attorney's performance fell within the objective standard of reasonableness set forth by the first prong of Strickland. See Bullock, 297 F.3d at 1046.

## 2. Prejudice

To succeed under the second prong of <u>Strickland</u>, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[2] <u>Strickland</u>, 466 U.S. at 694. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome."[3] <u>Id.</u>

---

[2]Petitioner argues that he was prejudiced by his trial counsel's failure to request the accomplice instruction because this failure resulted in plain error review on direct appeal. However, this is the incorrect focus of the <u>Strickland</u> inquiry, which analyzes the trial error's prejudicial effect on the outcome of the trial itself rather than the effect on the appellate standard of review. "When a defendant challenges a conviction, the question [in ascertaining prejudice] is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." <u>Strickland</u>, 466 U.S. at 695.

[3]The district court in the instant case improperly applied a heightened prejudice standard in its <u>Strickland</u> analysis (requiring fundamental unfairness rather than mere outcome determination), relying on <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 370 (1993). As the Supreme Court has explained, however, "<u>Lockhart</u> does not supplant the <u>Strickland</u> analysis." <u>Glover v. United States</u>, 531 U.S. 198, 203 (2001); <u>see also</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 391 (2000) (stating that <u>Lockhart</u> has not "modified or in some way supplanted the rule set down in <u>Strickland</u>"); <u>United States v. Horey</u>, 333 F.3d 1185, 1188 (10th Cir. 2003) (same); <u>Spears v. Mullin</u>, 343 F.3d 1215, 1248 (10th Cir. 2003) (same); <u>Revilla v. Gibson</u>, 283 F.3d 1203, 1220 n.14 (10th Cir. 2002) (same).

Rather, <u>Lockhart</u> only applies to those cases where relying on "mere outcome determination" would grant a "windfall" to the defendant, giving him more than the substantive and procedural rights to which the law entitled him. <u>See</u> <u>Williams</u>, 529 U.S. at 392. For example, acquittal on the grounds of attorney error would have been a "windfall" in <u>Lockhart</u> because the law had changed such that the attorney's actions would no longer constitute error, and thus the defendant was not deprived of a right to which the current law entitled him. "Cases such as . . . <u>Lockhart</u> do not justify a departure from a straightforward

(continued...)

On direct appeal in the instant case, we found that the court's failure to give an cautionary accomplice instruction in the face of uncorroborated accomplice testimony constituted prejudice under the third prong of <u>Olano</u> for purposes of plain error review.[4]  <u>Castaneda-Ulloa</u>, 15 Fed. Appx. at 685.  This means, in most cases, that the error must have "affected the outcome of the district court proceedings."[5]  <u>Olano</u>, 507 U.S. at 734; <u>see also</u> <u>United States v.</u>

---

[3](...continued)
application of <u>Strickland</u> when the ineffectiveness of counsel *does* deprive the defendant of a substantive or procedural right to which the law entitles him."  <u>Id.</u> at 393 (emphasis in original) (citation omitted).

   To the extent our prior cases once adopted a heightened prejudice standard for run-of-the-mill ineffective assistance of counsel claims, <u>see, e.g.</u>, <u>Newsted v. Gibson</u>, 158 F.3d 1085, 1091-92 (10th Cir. 1998); <u>Rogers v. United States</u>, 91 F.3d 1388, 1392 (10th Cir. 1996); <u>United States v. Kissick</u>, 69 F.3d 1048, 1055 (10th Cir. 1995), those decisions have been abrogated by <u>Glover</u> and <u>Williams</u>.

[4]We held that "[t]he failure of the district court to give a separate cautionary instruction regarding accomplice testimony was plain error that affected substantial rights."  <u>Castaneda-Ulloa</u>, 15 Fed. Appx. at 685.  However, we declined to exercise our discretion to reverse the error because we found the error not to satisfy the fourth prong of <u>Olano</u>.  <u>Id.</u>

[5]The Court later qualified its definition by stating that it "need not decide whether the phrase 'affecting substantial rights' is always synonymous with 'prejudicial.'"  <u>Olano</u>, 507 U.S. at 735.  The Court continued:

> There may be a special category of forfeited errors that can be corrected regardless of their effect on the outcome, but this issue need not be addressed.  Nor need we address those errors that should be presumed prejudicial if the defendant cannot make a specific showing of prejudice.  Normally, although perhaps not in every case, the defendant must make a specific showing of prejudice to satisfy the "affecting substantial rights" prong of Rule 52(b).

(continued...)

Brown, 316 F.3d 1151, 1158 (10th Cir. 2003). We thus conclude, under law of the case doctrine, that in the instant case the failure to request the accomplice instruction affected the outcome and met the prejudice prong of Strickland, 466 U.S. at 694.

## CONCLUSION

For the foregoing reasons, we REVERSE and REMAND for further proceedings under the deficient performance prong of Strickland.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[5](...continued)
Id. We have since clarified that the Court's reference to the first category of errors that can be corrected regardless of their effect on the outcome are apparently "structural constitutional errors." United States v. Brown, 316 F.3d 1151, 1158 n.3 (10th Cir. 2003).